**Robert L. MOONE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–89–132–CR.**

Court of Appeals of Texas, Austin.

Dec. 19, 1990.

Discretionary Review Refused March 20, 1991.

Bruce S. Fox, Dowling & Wilson, P.C., Austin, for appellant.

Ronald Earle, Dist. Atty., Dayna Blazey Baird, Gail Van Winkle, Asst. Dist. Attys., Austin, for appellee.

Before CARROLL, ABOUSSIE and JONES, JJ.

ON MOTION FOR REHEARING

JONES, Justice.

The opinion issued by this Court on November 14, 1990, is withdrawn, and the following is filed in lieu thereof.

A jury found Robert L. Moone, appellant, guilty of the offense of burglary of a habitation with the intent to commit aggravated sexual assault, Tex.Pen.Code Ann. §§ 30.02, 22.021 (1989), and made an express finding that he had used or exhibited a deadly weapon in the commission of the offense. The jury assessed punishment, after enhancement, at forty-five years con-

finement.[1] On appeal, appellant asserts that the evidence is insufficient with respect to (1) his intent to commit aggravated sexual assault and (2) his use or exhibition of a deadly weapon during the course of the burglary. We will affirm the conviction.

When reviewing a challenge to the sufficiency of the evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the conviction, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 n. 12, 99 S.Ct. 2781, 2789 n. 12, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234 (Tex.Cr.App.1989).

In the early morning hours of June 9, 1988, thirteen-year-old Nhu Chau was asleep in her room. Her younger sister was asleep in the same bed. The girls' parents, uncle, and two brothers were also in the house. The family had left a desk lamp on in the girls' room, as was their custom. Sometime around five o'clock that morning, Nhu awoke, either because of a draft across her body or because of a pull on her underwear. When she awoke, her body was almost entirely out from under the bedclothes, and appellant was kneeling on her side of the bed with his face close to hers. A few seconds later, she saw that he was holding a knife with a broken tip.

Nhu asked appellant if he was a friend of her parents. He replied that he was. She did not believe him and started to get up. He pushed her back down onto the bed, although not roughly. She sat up again, but then voluntarily lay back down when appellant indicated that she should be quiet so as not to wake her sister. Nhu then told appellant that she needed to go to the bathroom. She got up and left the room by herself, without interference, and went directly to her parents' bedroom to tell them that there was a strange man in the house. Once she had done so, she went to her parents' bathroom, where her underwear

fell off her body. It was later determined that the underwear had been cut completely through on one side. Within a few minutes, Nhu and her family called police to report the incident.

During the time that Nhu was convincing her parents that there was a strange man in the house, appellant escaped through the front door. He was later apprehended several blocks away by a police officer who was responding to Nhu's call reporting the incident. The officer found a knife with a broken tip and sharp blades in one of appellant's pockets. Acquaintances of appellant testified that he had been drinking heavily earlier that night.

Nhu testified that she did not feel afraid until after appellant had fled the house. He had not made threatening gestures toward her with the knife and had not exposed himself to her. He made no sexual comments to her. However, when she called 911 to report the incident, Nhu told the operator that a strange man had been in her house, "trying to rape me or something." Nhu's younger sister did not awaken until another officer came into the girls' room later that same morning to investigate.

This Court's role is not to judge the credibility of the evidence or substitute fact evaluations for those of the factfinder. It is, instead, to serve as a final due process safeguard and surety of the factfinder's rationality. *Taylor v. State,* 774 S.W.2d 31, 33 (Tex.App.1989, no pet.).

■ In point of error one, appellant argues that other reasonable inferences as to his intent can be drawn from the evidence, *e.g.,* that he desired only to look at Nhu's partially nude body or that he intended some sexual contact less severe than the acts constituting aggravated sexual assault. *See* Tex.Pen.Code Ann. § 22.021. We reject this argument, for the following reasons.

For over one hundred years, Texas criminal law required that a cautionary charge

---

**1.** Moone had previously been convicted of burglary of a habitation and burglary of a habitation with intent to commit sexual assault. He pleaded guilty to the enhancement sought by the state.

be given the jury in circumstantial evidence cases. Among other things, such a charge instructed the jury that it was to convict the accused only if the evidence excluded, to a moral certainty, every other reasonable hypothesis except the defendant's guilt. *See Hankins v. State*, 646 S.W.2d 191, 203 (Tex.Cr.App.1981) (Onion, P.J., dissenting), in which Judge Onion traces the history of the charge and the rules governing its use. It necessarily followed that the same standard applied on appeal in determining whether the evidence was sufficient to sustain the conviction. *See Flores v. State*, 551 S.W.2d 364 (Tex.Cr. App.1977).

In *Hankins*, 646 S.W.2d at 197 (opinion on reh'g), the Court of Criminal Appeals abolished the requirement of a circumstantial evidence charge, reasoning that it rested on the untenable proposition that circumstantial evidence was less trustworthy than direct evidence. The court also found that the charge was inconsistent and confusing, stating:

> A charge which requires that the circumstances "... must exclude, to a moral certainty, every other reasonable hypothesis except the defendant's guilt ..." is a confusing and improper charge where the jury is properly instructed on the reasonable doubt standard of proof.

*Id.* at 199–200. The court reserved for another day the question of the proper test for the sufficiency of the evidence in a circumstantial evidence case, but strongly hinted that there, too, a separate standard for circumstantial evidence cases was inappropriate. *Id.* at 199–200 n. 2.

The Court of Criminal Appeals finally addressed this issue in *Carlsen v. State*, 654 S.W.2d 444, 448 (Tex.Cr.App.1983) (opinion on reh'g), and companion cases. There, the court adopted a single standard for reviewing the sufficiency of the evidence in all cases, direct and circumstantial: whether, after viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1974). However, the court did not discard the "exclusion of outstanding reasonable hypotheses" test that had previously been applied in circumstantial evidence cases. Instead, the court announced that this test would remain as "one criteria" to be considered when applying the standard of review in circumstantial evidence cases. *Carlsen*, 654 S.W.2d at 450 (McCormick, J., concurring). Thus, it was stated that "if the evidence supports an inference other than the guilt of the appellant, a finding of guilt beyond a reasonable doubt is not a rational finding." *Id.* at 449; *cf. Johnson v. State*, 803 S.W.2d 272, Tex.Cr.App.1990. Nonetheless, our analysis of the sufficiency of the evidence must always be guided by the standard that "a reviewing court, '... faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Farris v. State*, No. 69,659, Tex. Cr.App., Nov. 28, 1990 (not yet reported) (quoting from *Jackson*, 443 U.S. at 326, 99 S.Ct. at 2792–93).

Under the district court's charge in the present case, the State was required to prove that appellant entered the victim's residence with the intent to commit aggravated sexual assault. As in virtually every case in which there is not a confession, appellant's intent must be inferred from his conduct and the other circumstances of the case. The evidence clearly indicates that appellant intended to commit *some* offense of a sexual nature. The jury obviously drew an inference that he intended to commit an act constituting aggravated sexual assault. *See* Tex.Pen.Code Ann. § 22.021. However, his conduct might also reasonably support the inference that he intended merely to commit an act constituting indecency with a child. *See* Tex.Pen.Code Ann. § 21.11. Whether this Court affirms appellant's conviction or reverses and orders an acquittal could, therefore, depend on whether we view the circumstantial evidence in the light most favorable to the jury's verdict or, instead, consider the ex-

istence and reasonableness of some outstanding hypothesis inconsistent with the finding of guilt.[2]

In reading *Carlsen,* we find no indication that the Court of Criminal Appeals intended that the "exclusion of outstanding reasonable hypotheses" analysis be employed in cases in which it had not previously been applied. A reading of the authorities predating *Hankins* and *Carlsen* discloses that the circumstantial evidence charge was required to be given, and therefore the "exclusion of outstanding reasonable hypotheses" standard of review applied, only when circumstantial evidence was used to prove "the gravamen of the offense," "the act of the crime," "the main facts essential to guilt," or "the objective historical facts," as opposed to "psychological facts." *Shippy v. State,* 556 S.W.2d 246, 250 (Tex.Cr.App.1977); *Stocks v. State,* 179 S.W.2d 305, 308 (Tex.Cr.App. 1944) (opinion on reh'g). The circumstantial evidence charge was not required where the only issue to be determined circumstantially was the defendant's intent. *Shippy,* 556 S.W.2d 246; *Green v. State,* 533 S.W.2d 769 (Tex.Cr.App.1976); *Stocks,* 179 S.W.2d 305. Thus, in a burglary case in which the only element proved circumstantially was the defendant's intent, the circumstantial evidence charge was not required. *Stearn v. State,* 571 S.W.2d 177 (Tex.Cr.App.1978).

Therefore, we conclude that the "exclusion of outstanding reasonable hypotheses" analysis should not be used to test the sufficiency of circumstantial evidence relied on to prove a defendant's intent. If the evidence adequately supports an inference that the accused possessed the requisite intent, it is sufficient to sustain a guilty verdict regardless of whether it might also support another inference.[3]

This conclusion is also supported by the Court of Criminal Appeals' continued adherence to the rule that in a prosecution for burglary with intent to commit theft, the jury may convict, and the appellate court may affirm that conviction, based on the inference that a burglar who breaks and enters at night intends to commit theft. *Browning v. State,* 720 S.W.2d 504 (Tex. Cr.App.1986). While such an inference is unquestionably a reasonable one, it is certainly not the *only* reasonable inference one might draw from a nighttime entry. Obviously, reliance on this inference is inconsistent with the notion that the circumstances must *exclude* all alternative reasonable inferences as to the defendant's intent.

In the present case, the facts and reasonable inferences that may be drawn therefrom show that appellant was present unlawfully in a thirteen-year-old girl's bedroom during the dead of night, was intoxicated, rolled back the bedclothes that had been covering her body, and, while she slept, used a knife to cut her underwear completely through on one side. When she awoke he concealed his identity from her, exhibited the knife, and initially used force (albeit relatively mild) to prevent her from escaping or arousing others in the house. Viewing the evidence in the light most favorable to the jury's verdict, we hold that a rational trier of fact could find beyond a reasonable doubt that appellant entered the victim's residence without effective consent and with the intent to commit aggravated sexual assault. *See Denison v. State,* 651 S.W.2d 754 (Tex.Cr.App.1983); *Ford v.*

---

2. In light of our holding herein, we do not reach the question of whether the evidence *actually* provides reasonable support for a hypothesis inconsistent with appellant's guilt of the offense charged.

3. Even in cases not involving intent, an appellate court's application of the "outstanding reasonable hypothesis" standard is difficult, at best. We have found no clear guidance as to how we are to view the evidence in the light most favorable to the verdict while at the same time considering if there are outstanding reasonable hypotheses other than guilt. For a reviewing court to view the evidence in the light most favorable to the verdict, it must necessarily disregard any hypotheses of innocence just as it disregards any defensive testimony inconsistent with the guilty verdict. For a reviewing court to consider the existence of an innocent hypothesis, it must necessarily view the evidence in the light most favorable to the accused. Nonetheless, our specific and narrow holding today obviates the need for us to grapple with this knotty problem in the present case.

*State,* 632 S.W.2d 151 (Tex.Cr.App.1982); *Morrow v. State,* 396 S.W.2d 386 (Tex.Cr. App.1965); *Allen v. State,* 245 S.W.2d 707 (Tex.Cr.App.1952); *Williams v. State,* 699 S.W.2d 368 (Tex.App.1985, no pet.). Appellant's first point of error is overruled.

By his second point of error, appellant contends that the state's evidence was insufficient to support the jury's finding that he had used or exhibited a deadly weapon during the commission of the burglary. The Court of Criminal Appeals has recently interpreted the "used or exhibited" language. *Patterson v. State,* 769 S.W.2d 938, 941 (Tex.Cr.App.1989). A weapon capable of inflicting death or serious bodily injury is used if it facilitates the commission of the felony in any way; therefore, mere possession may constitute use under the statute if such possession works to further the offense. *Id.*

Officer Ronald McMillion testified that a knife of the type admitted at trial could cause death or serious bodily injury when used on a young girl. Nhu testified that she had seen appellant holding a knife similar to State's Exhibit 20, the knife found on appellant when he was arrested. This evidence, along with the other circumstances, was enough to sustain a finding that appellant had exhibited a deadly weapon. *See Tisdale v. State,* 686 S.W.2d 110 (Tex.Cr.App.1984) (opinion on reh'g). In addition, however, Nhu testified that her underwear had not been cut or torn when she went to bed that night, but that it fell off, as a result of having been cut, when she went into her parents' bathroom. The pair of underwear was admitted into evidence, and the jury had the opportunity to examine it. From these facts, and the inferences that could reasonably have been drawn from them, the jury could rationally conclude that appellant had used the knife to cut off Nhu's underwear. Since the jury found that appellant intended to commit a sexual assault upon Nhu, the knife had, therefore, been "used" in an attempt to facilitate and accomplish the assault. *See Patterson,* 769 S.W.2d at 941. We overrule appellant's second point of error.

The judgment of the trial court is affirmed.