domkoski 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-040-CR





JOHN DAVID DOMKOSKI,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 39,516, HONORABLE STANTON PEMBERTON, JUDGE



 





PER CURIAM

 A jury found appellant guilty of the offense of burglary of a habitation. Tex. Pen.
Code Ann. § 30.02(a)(3) (1989). Appellant pleaded true to the enhancement allegations of prior
felony convictions, and the court sentenced him to twenty-five years imprisonment. In two points
of error, he contends that the evidence was insufficient to establish two necessary elements of the
offense: intent to deprive the owner of property and unlawful appropriation of property. We will
affirm the judgment of conviction.

 Officer Becky Brown of the Harker Heights Police Department testified that she
investigated the burglary of a mobile home reported by Helga Domkoski, appellant's mother, who
said that a back window had been pried open and a television set and three rings taken. Officer
Brown verified the forced entry to the window by observing pry marks. She said Mrs. Domkoski
stated that her son broke into the mobile home and took the television set and the rings during
a time when she and her husband had informed appellant that they were leaving for Oklahoma and
that he was to stay away from their home. On their return from Oklahoma, they discovered that
a television set from their daughter's bedroom was missing. Mrs. Domkoski later made several
changes in her account about whether appellant took the rings or they had been misplaced, and
whether it had been all right for appellant to take the television and pawn it as he had done on
several previous occasions.



THE OFFENSE



 In the offense of burglary of a habitation, a person intentionally or knowingly
enters a habitation without the effective consent of the owner, and commits or attempts to commit
theft. Tex. Pen. Code Ann. § 30.02(a)(3) (1989). Theft consists of a person unlawfully
appropriating property with the intent to deprive the owner of the property. Tex. Pen. Code Ann.
§ 31.03(a) (1989). To deprive the owner of property means:  (1) to withhold property from the
owner permanently or for so extended a period of time that the major portion of the value or
enjoyment of the property is lost to the owner; (2) to restore the property only upon payment of
reward or other compensation; or, (3) to dispose of property in a manner that makes recovery of
the property by the owner unlikely. Tex. Pen. Code Ann. § 31.01(3) (1989).

 The penal code does not require an actual deprivation of property, only the intent
to deprive. That intent may be shown by a temporary deprivation. Draper v. State, 539 S.W.2d
61, 68 (Tex. Cr. App. 1976). The eventual return of the property does not negate that intent. 
Id. at 69.


 INTENT TO DEPRIVE



 Appellant contends that the evidence is insufficient to show his intent to deprive
the owners of property because the evidence gives rise to another reasonable hypothesis: that
appellant had permission to take and return the property because of his past dealings with the
owners, his mother and sister.

 When reviewing a challenge to the sufficiency of the evidence to support a
conviction, we determine whether, viewing the evidence in the light most favorable to the verdict,
any rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 n.12 (1979); Butler v. State, 769
S.W.2d 234, 239 (Tex. Cr. App. 1989). The Court of Criminal Appeals has said that if
circumstantial evidence supports a reasonable hypothesis other than guilt, a finding beyond a
reasonable doubt is not rational. Carlsen v. State, 654 S.W.2d 444, 448 (Tex.Cr.App. 1983)
(opinion on reh'g). However, when testing the sufficiency of the evidence relied on to prove
intent, if the evidence adequately supports an inference that the accused possessed the requisite
intent, it is sufficient to sustain a guilty verdict regardless whether it might also support another
inference. Moone v. State, 802 S.W.2d 101, 103-04 (Tex. App. 1990, pet. ref'd).

 The jury could conclude that appellant took both the television and the rings from
appellant's testimony that he had pawned the television set and returned the rings. The fact that
the items were later recovered would not refute the inferences that the jury could draw regarding
his intent at the time he took them. His mother and sister gave several conflicting statements to
the police and at trial. The jury could have concluded that their first statements were the credible
ones and rationally found that appellant intended to deprive them of property. We overrule point
one.


UNLAWFUL APPROPRIATION



 In point two, appellant contends that the evidence is insufficient to show that
appellant committed or attempted to commit theft because it fails to show that appellant unlawfully
appropriated property. Appropriation of property is unlawful if it is without the owner's consent. 
Tex. Pen. Code Ann. § 31.03(b)(1) (1989). There is evidence to show that appellant did not have
permission to enter the residence or take property from it. In fact, he had been specifically
warned to stay away. That he mistakenly believed that past conduct authorized him to take the
property on this occasion is not a defense. We overrule point two.


 We affirm the judgment of conviction.



[Before Chief Justice Carroll, Justices Jones and Smith]

Affirmed

Filed:  May 15, 1991

[Do Not Publish]