Graham v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-89-113-CR





BENNY GRAHAM,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT,


NO. 95,644, HONORABLE JON N. WISSER, JUDGE


 




PER CURIAM

 Appellant was convicted of felony theft, enhanced by prior convictions, and
sentenced to twenty-five years imprisonment. 1985 Tex. Gen. Laws, ch. 599, § 1, at 2244 (Tex.
Penal Code Ann. § 31.03, since amended). In nine points of error appellant contends that the trial
court erred in rendering judgment because there was insufficient evidence to warrant a conviction,
the indictment failed to allege all elements of the offense, and testimony and evidence were
improperly admitted at trial. We will affirm the judgment of conviction.

 Appellant went into a hearing-aid store around noon. The reception area was
unattended, and appellant was seen by the store manager going behind a counter where the
receptionist's purse was located. Once appellant left the store, the manager alerted the
receptionist and she found that her wallet was missing and called the police. The manager
followed appellant down an alley and through a fence and bushes to a bus stop, and the police
later apprehended appellant on a bus. Appellant had in his pocket approximately the same amount
of currency stolen from the wallet. The manager later found the empty wallet near the fence and
bushes on the path taken by appellant.

 In his first three points of error, appellant contends that the trial court erred in
rendering judgment because there was insufficient evidence to warrant a conviction and the
conviction violated both the state and federal constitutions. U.S. Const. amend. XIV, § 1; Tex.
Const. art. I, § 13. The critical inquiry on review of the sufficiency of the evidence to support
a criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981).

 A conviction based on circumstantial evidence, however, must exclude every other
reasonable hypothesis except the guilt of the accused. It is not required that the circumstances
should, to a moral certainty, actually exclude every hypothesis that the act may have been
committed by another person, but that the hypothesis is a reasonable one consistent with the
circumstances and the facts proved. Each fact need not point directly and independently to the
guilt of the accused, as the cumulative effect of all the incriminating facts may be sufficient to
support the evidence. However, proof that amounts only to a strong suspicion or mere probability
is insufficient. Carlsen v. State, 654 S.W.2d 444, 447 (Tex. Crim. App. 1983) (1); see also Moone
v. State, 802 S.W.2d 101, 102-05 (Tex. App. 1990, pet. ref'd). After reviewing the record, we
conclude that no other reasonable hypothesis exists except the appellant's guilt. Points of error
one, two, and three are overruled.

 In points of error four, five, and six, appellant contends that the trial court erred
fundamentally in rendering judgment because the indictment failed to allege all elements of the
offense and the conviction, therefore, violated both the state and federal constitutions. U.S.
Const. amend. XIV, § 1; Tex. Const. art. I, § 13. Even assuming that appellant is correct that
the indictment is defective, appellant made no objection before trial and has, therefore, waived
the error. Studer v. State, 799 S.W.2d 263, 271 (Tex. Crim. App. 1990); Tex. Code Crim. Proc.
Ann. art. 1.14(b) (Supp. 1991), see also Tex. Const. art. V, § 12(b). Points of error four, five,
and six are overruled.

 In point of error seven, appellant contends that the trial court erred in rendering
judgment because testimony was improperly admitted at trial. The district court ordered the State
a month before trial to provide appellant with a list of all witnesses to be called at trial. At trial
the State called Officer Michael Farrar, a witness not previously listed, who testified over
appellant's objection about the chain of custody of the $52.00 in currency that was found on
appellant. The district court overruled appellant's objection based on the limited nature of the
witness's testimony and the fact that the court allowed appellant's counsel to examine the witness
before allowing the testimony.

 When a witness is permitted to testify who was not included on the witness list, the
standard for review is whether the trial court abused its discretion in allowing such witness to
testify. Hightower v. State, 629 S.W.2d 920, 925 (Tex. Crim. App. 1981). Among the factors
for the court to consider in determining if there has been an abuse of discretion are whether there
is a showing of bad faith on the part of the State and whether the appellant could reasonably
anticipate that the witness would testify although the witness's name was not included on the
witness list. Appellant has failed to show that the State acted in bad faith, and appellant could
have anticipated that someone would be called to testify to the chain of custody. Given the fact
that the district court allowed appellant's counsel to examine the witness the day before he
testified, we cannot say on this record that the district court abused its discretion. Point of error
seven is overruled.

 Finally, in points of error eight and nine, appellant contends that the trial court
erred in rendering judgment because a photocopy of the currency appellant allegedly stole was
improperly admitted at trial. At trial Officer Mauck testified that he took fifty-two dollars from
appellant, tagged it with the number 890250606, and had the currency placed in the police
property room. Office Farrar testified that he signed fifty-two dollars out of the property room
and that this currency was identified with the number 250606. Office Farrar then photocopied
the currency and released it to the victim. Appellant contends that the discrepancy between the
identification numbers and the fact that the photocopy showed only forty-five dollars in currency
defeats the chain of custody in that the State did not prove that the currency came from appellant. 
Given the fact that the offense occurred in 1989, the origin of the prefix "890" from Officer
Mauck's testimony is obvious; we do not agree that a material difference exists in the
identification numbers. In addition, the State's failure to account for the loss of seven dollars in
currency does not affect the admissibility of the remaining bills. We cannot say on this record
that the district court abused its discretion in admitting the evidence. Points of error eight and
nine are overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed: November 13, 1991

[Do Not Publish]
1.   Carlsen v. State has recently been overruled by Geesa v. State, No. 290-90 (Tex. Crim.
App., Nov. 6, 1991), but Geesa's effect is limited to those cases tried after November 6, 1991.