IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-313-CR





DAVID TYRONE MINGO,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 42,588, HONORABLE STANTON B. PEMBERTON, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of robbery. Tex. Penal Code Ann. § 29.02 (West
1989). The district court assessed punishment, enhanced by two previous felony convictions, at
imprisonment for twenty-five years. Appellant's single point of error challenges the legal
sufficiency of the evidence.

 On the day in question, department store security guards watched appellant place
various items of clothing under his jacket and walk out of the store without paying. One of the
guards, Dorinda Clark, approached appellant outside the store, touched his jacket, and said,
"Excuse me, sir." Appellant immediately turned and began to hit Clark with his fists. The
second guard, Alicia Williams, shouted "Store security" and attempted to break up the fight. 
Appellant struck her as well. During this scuffle, appellant dropped the stolen goods. 

 A person commits robbery if, in the course of committing theft and with intent to
obtain or maintain control of the property, he intentionally or knowingly causes bodily injury to
another. Section 29.02(a)(1). Appellant argues that there is no evidence that he caused bodily
injury to Clark with the intent to obtain or maintain control of the stolen property. Appellant
notes that the security guards were not in uniform and that Clark did not identify herself before
approaching him outside the store. Appellant asserts that "the reaction of anyone when touched
from behind, without warning, could very well be to strike out to prevent being assaulted, or even
robbed, themselves."

 Appellant's argument is premised on the assumption that the State was required to
prove that he assaulted Clark with intent to obtain or maintain control of the property. In fact,
the Court of Criminal Appeals has stated that this element of the offense concerns the defendant's
state of mind with regard to the property, and not his state of mind with regard to the assault. 
White v. State, 671 S.W.2d 40, 42 (Tex. Crim. App. 1984); Ex parte Santellana, 606 S.W.2d
331, 333 (Tex. Crim. App. 1980). Appellant does not contend that the State failed to prove that
he intentionally or knowingly hit Clark.

 Even if the State had been obligated to prove that appellant assaulted Clark with
intent to maintain control of the property, we would hold the evidence to be sufficient to sustain
the conviction. Considering all the evidence in the light most favorable to the verdict, a rational
trier of fact could conclude beyond a reasonable doubt that appellant hit Clark for the purpose of
maintaining his possession of the stolen goods. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin
v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Appellant's suggestion that there is another
reasonable hypothesis with respect to his intent is without merit. Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); see also Moone v. State, 802 S.W.2d 101, 104 (Tex. App.--Austin 1990,
pet. ref'd). The point of error is overruled.

 The judgment of conviction is affirmed.



Before Justices Powers, Jones and Kidd

Affirmed

Filed: November 17, 1993

Do Not Publish