IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-239-CR





SYLVESTER MAJORS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0925573, HONORABLE JON N. WISSER, JUDGE PRESIDING



 





PER CURIAM

 After a jury found appellant guilty of aggravated robbery, the district court assessed
punishment at imprisonment for thirty-eight years. Tex. Penal Code Ann. § 29.03 (West Supp.
1994). Appellant contends in two points of error that the evidence is legally and factually
insufficient to sustain the jury's verdict. Specifically, he contends the State failed to prove that
he used a deadly weapon to cause bodily injury to the complainant. 

 The complainant was Brian Williams, assistant manager of an Austin restaurant. 
On October 25, 1992, after the restaurant closed, Williams and a coworker, John Sartor, were
standing in the kitchen discussing the business when appellant entered through the back door. 
Appellant seized Williams's arm and demanded to be taken "to the money." Appellant was
holding an object under his shirt as if it were a pistol. This object proved to be the top from a
spray bottle, which appellant dropped when Williams pushed him away.

 Appellant then lunged at Sartor, knocking him to the floor. As appellant and Sartor
struggled, Williams seized appellant's shirt, pulled him from Sartor, and threw him against a
table. Appellant produced a steak knife from one of his pockets. Sartor described the knife as
having a wooden handle and a stainless steel blade six inches long. Appellant stabbed Williams
in the abdomen. Appellant freed himself from Williams's grasp and, after a brief further struggle
with Sartor, fled from the restaurant. At some point during this incident, Sartor also received a
minor stab wound to the hip. The knife wielded by appellant was not recovered.

 Williams was taken to a hospital where "they washed the wound, they didn't stitch
it. They wanted it to heal from within. And I stayed overnight just to check to see that it didn't
rupture any major parts." Williams's stab wound did not damage any major organ.

 The State concedes that the knife with which appellant stabbed Williams was not
manifestly designed, made, or adapted for the purpose or inflicting death or serious bodily injury. 
Tex. Penal Code Ann. § 1.07(a)(11)(A) (West 1974); Thomas v. State, 821 S.W.2d 616, 620
(Tex. Crim. App. 1991). Thus, the State bore the burden of proving that the knife was capable
of causing death or serious bodily injury in the manner of its use or intended use. Penal Code §
1.07(a)(11)(B). Appellant argues that the State failed to meet this burden because 1) neither death
nor serious bodily injury was inflicted and 2) the evidence fails to establish that appellant intended
to inflict death or bodily injury. (1) 

 It is not necessary that a wound be inflicted, much less a life-threatening wound,
for a knife to be considered a deadly weapon. Davidson v. State, 602 S.W.2d 272, 273 (Tex.
Crim. App. 1980). Viewing the evidence in this cause in the light most favorable to the verdict,
we believe that a rational trier of fact could reasonably conclude that appellant used the knife in
a manner capable of causing death or serious bodily injury when he stabbed Williams in the
abdomen during the robbery attempt. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v.
State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim.
App. 1981). We further believe that this conclusion is not so contrary to the overwhelming
weight of the evidence as to be clearly unjust. See Orona v. State, 836 S.W.2d 319 (Tex.
App.--Austin 1992, no pet.); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet.
ref'd as untimely filed).

 Because the evidence supports the conclusion that the knife was used in a manner
capable of causing death or serious bodily injury, appellant's intended use of the weapon is
irrelevant. Were we required to reach that issue, however, we would find the evidence legally
and factually sufficient to support the conclusion that appellant intended to cause serious bodily
injury or death when he stabbed Williams. That the evidence does not exclude the possibility that
appellant intended to cause mere bodily injury would not render the evidence insufficient. Geesa,
820 S.W.2d at 161; Orona, 836 S.W.2d at 322 n.2; Moone v. State, 802 S.W.2d 101, 104 (Tex.
App.--Austin 1990, pet. ref'd). 

 Points of error one and two are overruled. The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: April 20, 1994

Do Not Publish

1.   Appellant asserts that "the undisputed proof is that Appellant intended to use the knife
to cause [only] bodily injury against Williams." Appellant does not refer us to this
"undisputed proof" in the record.