TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00624-CR







Gilbert Chapoy, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-94-0783-S, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of burglary of a habitation with intent to commit sexual assault. 
Tex. Penal Code Ann. § 30.02(a)(1) (West 1994). The district court assessed punishment at imprisonment
for seventeen years and a $2400 fine.

 At about 4:00 a.m. on October 27, 1994, Kristie Hart was awakened by the sound of a
man in her bedroom. The man, identified at trial as appellant, told Hart, "Girl, you shouldn't have woke up." 
 Hart asked appellant what he wanted and he answered, "I want your money." Hart told him she was on
welfare and had no money, but that he could have her food stamps. Appellant then said, "If you want me
to leave, you are going to have to give something up." When Hart told him she had nothing to give,
appellant replied, "If you want me to leave peacefully, you are going to have to let me do what I want to
do." Appellant walked toward the bed, telling Hart he had a gun. Hart testified, "And he kept coming and
we were going -- during that time, he would go that way and I would go this way and he would go that way
and I would go back that way." Hart shouted for her seven-year-old son, Michael, to call 911. When
Michael opened the bedroom door, appellant fled.

 Appellant's first point of error is that the evidence is legally insufficient to support the
conviction. Specifically, appellant urges that the State failed to prove beyond a reasonable doubt that he
intended to commit sexual assault. Appellant contends the evidence does not exclude the alternative
hypotheses that he intended to commit robbery or theft rather than sexual assault. (1)

 In determining the legal sufficiency of the evidence to support a criminal conviction, the
question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v.
State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The reasonable alternative hypothesis analysis on which
appellant relies has been disapproved. Geesa, 820 S.W.2d at 160-61. Even before Geesa, this construct
was not employed to test the sufficiency of the evidence regarding intent. Matson v. State, 819 S.W.2d
839, 846 (Tex. Crim. App. 1991); Moone v. State, 802 S.W.2d 101, 104 (Tex. App.--Austin 1990,
pet. ref'd).

 A rational trier of fact could reasonably infer from appellant's words and conduct that he
intended to sexually assault Hart. When viewed in the light most favorable to the verdict, the evidence
supports a finding of each element of the offense beyond a reasonable doubt. Point of error one is
overruled.

 Appellant's second point of error complains of improper jury argument by the prosecutor. 
In her opening remarks, the prosecutor said:


So if you believe Kristie Hart's testimony, that Gilbert Chapoy threatened her with a gun,
demanded money from her and she believed that he intended to sexually assault her in her
bedroom, then, Ladies and Gentlemen, I submit to you the State of Texas has proven what
we need to prove in order for you to find him guilty and to return a verdict of guilty on all
three counts.



Appellant did not object at trial. He now argues that the argument misstated the law because the State's
burden was to prove appellant's intent to commit sexual assault, not Hart's belief regarding appellant's
intent.

 Because there was no trial objection, reversible error is presented only if the argument was
so unfairly prejudicial as to be incurable by an instruction to disregard. Willis v. State, 785 S.W.2d 378,
385 (Tex. Crim. App. 1989). The challenged argument does not meet that test. Strictly speaking, the
prosecutor did misstate the State's burden of proof. In the context in which the argument was made,
however, we believe it likely that the jurors understood the prosecutor to be urging them to infer appellant's
intent from the evidence. Furthermore, the prosecutor did not repeat the error and defense counsel
correctly noted in his own argument that the charge required the jury to find appellant's intent beyond a
reasonable doubt. Point of error two is overruled.


 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: September 25, 1996

Do Not Publish
1.   The indictment contained three counts accusing appellant of burglary of a habitation with
intent to commit theft, sexual assault, and robbery respectively. All three counts were submitted
to the jury in the court's charge. The jury returned not guilty verdicts on counts one and three.



p." When Hart told him she had nothing to give,
appellant replied, "If you want me to leave peacefully, you are going to have to let me do what I want to
do." Appellant walked toward the bed, telling Hart he had a gun. Hart testified, "And he kept coming and
we were going -- during that time, he would go that way and I would go this way and he would go that way
and I would go back that way." Hart shouted for her seven-year-old son, Michael, to call 911. When
Michael opened the bedroom door, appellant fled.

 Appellant's first point of error is that the evidence is legally insufficient to support the
conviction. Specifically, appellant urges that the State failed to prove beyond a reasonable doubt that he
intended to commit sexual assault. Appellant contends the evidence does not exclude the alternative
hypotheses that he intended to commit robbery or theft rather than sexual assault. (1)

 In determining the legal sufficiency of the evidence to support a criminal conviction, the
question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v.
State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The reasonable alternative hypothesis analysis on which
appellant relies has been disapproved. Geesa, 820 S.W.2d at 160-61. Even before Geesa, this construct
was not employed to test the sufficiency of the evidence regarding intent. Matson v. State, 819 S.W.2d
839, 846 (Tex. Crim. App. 1991); Moone v. State, 802 S.W.2d 101, 104 (Tex. App.--Austin 1990,
pet. ref'd).

 A rational trier of fact could reasonably infer from appellant's words and conduct that he
intended to sexually assault Hart. When viewed in the light most favorable to the verdict, the evidence
supports a finding of each element of the offense beyond a reasonable doubt. Point of error one is
overruled.

 Appellant's second point of error complains of improper jury argument by the prosecutor. 
In her opening remarks, the prosecutor said: