TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00127-CR






Marcus Haynes, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0983473, HONORABLE BOB PERKINS, JUDGE PRESIDING







A jury found appellant Marcus Haynes guilty of capital murder. See Tex. Penal
Code Ann. § 19.03(a)(2) (West 1994). Because the State did not seek the death penalty, the
district court assessed punishment at imprisonment for life. See id. § 12.31(a); Tex. Code Crim.
Proc. Ann. art. 37.071, § 1 (West Supp. 1999). Appellant's only point of error challenges the
legal sufficiency of the evidence. We will overrule the point and affirm the conviction.

In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Appellant's
challenge to the sufficiency of the evidence is limited to one element of the offense. He contends
the evidence does not support the jury's finding that he intended to kill. See Penal Code
§ 19.03(a)(2).

Appellant, age seventeen, and two companions were driving through a northeast
Austin neighborhood when they saw a man standing in the front yard of a house. As described
in appellant's confession, the driver "turned the car around and told [appellant] he wanted me to
rob him." Appellant agreed to do so. He took a pistol, "went behind the man and hit him on the
head two times [with the pistol] and took his wallet and ran." The victim of this crime was
seventy-year-old Victor Hohle, who died from the blows inflicted by appellant. The medical
examiner testified that she found evidence of ten separate blows to the head, three of which
shattered the crown of the skull and left bone fragments on the surface of the brain. Another blow
to the back of the head caused the brain to move forward in the skull with enough force to fracture
the superior orbital plate.

To support his claim that the State did not prove an intent to kill, appellant points
to testimony by a police officer that appellant appeared surprised when told Hohle was dead, and
to testimony by the medical examiner that the stress or excitement of the moment can sometimes
cause an attacker to use greater force than he intends. But the rule on which appellant relies, that
circumstantial evidence must exclude to a moral certainty all reasonable hypotheses except the
defendant's guilt, has been repudiated by the court of criminal appeals and did not apply to proof
of the defendant's intent in any case. See Geesa, 820 S.W.2d at 161; Moone v. State, 802 S.W.2d
101, 104 (Tex. App.--Austin 1990, pet. ref'd). The dispositive question is not whether the
evidence excludes the possibility that appellant did not intend to kill Hohle, but whether the
evidence rationally supports the jury's determination that he did.

An intent to kill may be inferred from the defendant's acts, words, and conduct. 
See Patrick v. State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). Homicidal intent may also
be inferred from the extent of the injuries and the relative size and strength of the parties. Id. 
Appellant struck Hohle ten times on the head with enough force to fracture the skull twice. The
medical examiner found no evidence of defensive wounds, and the jury could infer that the
number of blows exceeded that necessary merely to subdue Hohle and take his wallet. While the
relative size of the parties is not shown, it is reasonable to infer that the seventeen-year-old
appellant was stronger and more vigorous than his seventy-year-old victim. The jury also could
infer an intent to kill from appellant's use of a weapon that was deadly both by definition and in
the manner of its use. See Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996); Tex.
Penal Code Ann. § 1.07(a)(17) (West 1994). We find the evidence clearly sufficient to support
a finding beyond a reasonable doubt that appellant intended to kill.

The point of error is overruled and the judgment of conviction is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: September 10, 1999

Do Not Publish



cy of the evidence. We will overrule the point and affirm the conviction.

In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Appellant's
challenge to the sufficiency of the evidence is limited to one element of the offense. He contends
the evidence does not support the jury's finding that he intended to kill. See Penal Code
§ 19.03(a)(2).

Appellant, age seventeen, and two companions were driving through a northeast
Austin neighborhood when they saw a man standing in the front yard of a house. As described
in appellant's confession, the driver "turned the car around and told [appellant] he wanted me to
rob him." Appellant agreed to do so. He took a pistol, "went behind the man and hit him on the
head two times [with the pistol] and took his wallet and ran." The victim of this crime was
seventy-year-old Victor Hohle, who died from the blows inflicted by appellant. The medical
examiner testified that she found evidence of ten separate blows to the head, three of which
shattered the crown of the skull and left bone fragments on the surface of the brain. Another blow
to the back of the head caused the brain to move forward in the skull with enough force to fracture
the superior orbital plate.

To support his claim that the State did not prove an intent to kill, appellant points
to testimony by a police officer that appellant appeared surprised when told Hohle was dead, and
to testimony by the medical examiner that the stress or excitement of the moment can sometimes
cause an attacker to use greater force than he intends. But the rule on which appellant relies, that
circumstantial evidence must exclude to a moral certainty all reasonable hypotheses except the
defendant's guilt, has been repudiated by the court of criminal appeals and did not apply to proof
of the defendant's intent in any case. See Geesa, 820 S.W.2d at 161; Moone v. State, 802 S.W.2d
101, 104 (Tex. App.--Austin 1990, pet. ref'd). The dispositive question is not whether the
evidence excludes the possibility that appellant did not intend to kill Hohle, but whether the
evidence rationally supports the jury's determination that he did.

An intent to kill may be inferred from the defendant's acts, words, and conduct. 
See Patrick v. State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). Homicidal intent may also
be inferred from the extent of the injuries and the relative s