COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-082-CR
  
  
JOSE 
LUIS GRANADOS                                                          APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. 
Introduction
 
        Appellant 
Jose Luis Granados appeals his conviction for burglary of a habitation with 
intent to commit sexual assault. A jury found Granados guilty and assessed his 
punishment at thirty years’ confinement. In two points, Granados contends that 
the trial court erred by accepting a vague and uncertain jury verdict and that 
the evidence is factually insufficient to support his conviction. We will 
affirm.
II. 
Background Facts
        On 
the night of the burglary, Veronica Arelleno put her daughter to bed around 
midnight, studied for a college admission exam, and eventually went to bed at 
around 2 a.m. Arelleno awoke because someone lifted and moved her arm. She first 
thought it was her husband from whom she was separated, but she looked up and 
saw a thin person wearing a light-colored mask. Arelleno heard the sound of an 
aerosol spray can being dispensed close to her. She thought that the intruder 
was trying to spray something in her eyes, but the liquid did not touch her. She 
jumped up and, in English and in Spanish, asked whether the intruder wanted 
money or sex, but the intruder did not respond and continued to spray. She tried 
not to scream because her daughter was in a bed in the same bedroom. Her 
daughter woke up nonetheless and told the intruder to leave her mom alone.
        At 
that point, Arelleno feigned unconsciousness. She let her entire body become 
limp. She thought that if the intruder wanted to rob her, he would notice that 
she was unconscious and take whatever he wanted. Instead, he took the covers off 
Arelleno. Her shorts were pulled off with the covers. The intruder grabbed 
Arelleno underneath her arms and dragged her face down into the living room. As 
she lay face down on the living room floor, the intruder touched her with his 
tongue or his lips “in the part between [her] buttocks and [her] legs” and 
touched her with his hand between her legs. Arelleno heard a zipper open, and 
then her daughter entered the living room, started to cry, and ran back to the 
bedroom. Arelleno heard the intruder go to shut the bedroom door, so she got up.
        Arelleno 
charged the intruder, who was no longer wearing the mask, and tried to hit him 
in the groin area. When Arelleno saw the man’s face, she immediately 
recognized him as someone she had seen around the apartment complex. She 
identified Granados as the intruder. Arelleno hit the man in his privates 
approximately three times. The intruder hit Arelleno in the shoulder and near 
her ear. During the scuffle, Arelleno ran to the phone to call the police but 
then noticed that the phone had been disconnected. The intruder fled, and 
Arelleno locked her front door and called the police from her other phone. As 
she waited for the police, Arelleno noticed that her television and VCR were 
also disconnected.
        The 
police arrived and took Arelleno to the police station to make a report. She 
told the police that she had seen the intruder around the apartment complex and 
that he drove a small blue truck. She described the intruder as a skinny forty 
to fifty year-old male and selected Granados from a photo line-up. She said that 
Granados did not have permission to enter her apartment or to touch her body. 
Before she left the police station, the police took photographs of the bruise on 
her shoulder and the scratches on her legs made when Granados dragged her to the 
living room.
        Police 
obtained a warrant for Granados’s arrest and found him hiding in a closet in 
his apartment. Granados came out of the closet wearing only white boxer shorts 
and motioned for his pants. One of the officers searched Granados’s pants 
before giving them to Granados and found an offwhite ski mask in the left front 
pocket of the pants.
        At 
trial, Granados testified that he spent the night in question at Artelio 
Lechuga’s apartment in Carrollton. He explained that the mask belonged to him 
and that he used it for painting. He admitted that he knew where Arelleno lived. 
On cross-examination, Granados answered “yes” to a question about whether he 
had ever entered Arelleno’s apartment; however, on redirect examination, he 
said that he had never been in her apartment.
        In 
spite of Granados’s alibi, the jury found him guilty and assessed his 
punishment at thirty years’ confinement. This appeal followed.
III. 
Verdict Not Vague or Conflicting
        In 
his first point, Granados contends that the trial court committed error by 
receiving a vague and uncertain jury verdict that conflicted with the 
indictment. The indictment charged that:
 
on 
or about the 19th day of August 2002, [Granados] did intentionally or 
knowingly, without the effective consent of Veronica Arelleno, the owner 
thereof, enter a habitation with intent to commit sexual assault,
 
PARAGRAPH 
TWO: And it is further presented in and to said court that [Granados] . . . on 
or about the 19th day of August, 2002, did intentionally or 
knowingly, without the effective consent of Veronica Arelleno, the owner 
thereof, enter a habitation and did attempt to commit or commit sexual assault.

 
The 
court’s charge instructed the jury on both of the above indictment paragraphs. 
However, the verdict form provided only one conviction option, stating, “We, 
the jury, find the Defendant, JOSE LUIS GRANADOS, guilty of the offense of 
Burglary of a Habitation with Intent to Commit a Felony, to-wit: Sexual Assault, 
as charged in the Indictment.” Thus, Granados complains that because the term 
“felony,” appears in the verdict form but not in the indictment, and because 
the term “felony” was not defined in the court’s charge to the jury, the 
jury’s verdict conflicts with the indictment, rendering it uncertain. Granados 
also complains that the court’s charge failed to properly instruct the jury 
because it instructed the jury on two theories of commission of the offense but 
provided for conviction on only one theory.
        The 
State points out that the court’s charge did provide, “You are instructed 
that Sexual Assault is a felony.” The State contends that this instruction in 
the court’s charge eliminated the ambiguity Granados claims exists. The State 
also argues that any limitation that the general verdict form placed on the 
jury’s determination of Granados’s guilt was a windfall to Granados.
        Significantly, 
the record shows that out of the presence of the jury, Granados requested the 
very instruction and language in the verdict form that he now complains about:
 
THE 
COURT: All right. And the changes that we have incorporated from discussions off 
the record are that the Court has entitled the offense in the first paragraph, 
as well as in the verdict form, burglary of a habitation with intent to commit a 
felony, to-wit: sexual assault, at the request of the defense.
 
And 
are there any further objections or specially requested charges from the State?
 
                [PROSECUTOR]: 
No, Your Honor.
 
                THE 
COURT: From the defense?
 
                [DEFENSE 
COUNSEL]: No, Your Honor. [Emphasis added.]
  
Because 
Granados requested the inclusion of the very language he now complains about any 
error is not preserved for our review. See Cadd v. State, 587 S.W.2d 736, 
741 (Tex. Crim. App. 1979) (op. on reh’g); Willeford v. State, 72 
S.W.3d 820, 823 (Tex. App.—Fort Worth 2002, pet. ref’d). We overrule 
Granados’s first point.
IV. 
Factually Sufficient Evidence
        In 
his second point, Granados argues that the evidence is factually insufficient to 
support his conviction. Specifically, Granados contends that the evidence is 
factually insufficient to establish that he had the intent to commit sexual 
assault when he entered Arelleno’s apartment. The State responds that there is 
ample evidence to support the jury’s verdict.
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party. Johnson 
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 
S.W.2d 126, 129, 134 (Tex. Crim. App. 1996). Evidence is factually insufficient 
if it is so weak as to be clearly wrong and manifestly unjust or the adverse 
finding is against the great weight and preponderance of the available evidence. 
Johnson, 23 S.W.3d at 11. Therefore, we must determine whether a neutral 
review of all the evidence, both for and against the finding, demonstrates that 
the proof of guilt is so obviously weak as to undermine confidence in the 
verdict, or the proof of guilt, although adequate if taken alone, is greatly 
outweighed by contrary proof. Id. In performing this review, we are to 
give due deference to the fact finder’s determinations. Id. at 8-9; Clewis, 
922 S.W.2d at 136. We may not substitute our judgment for that of the fact 
finder’s. Johnson, 23 S.W.3d at 12. Consequently, we may find the 
evidence factually insufficient only where necessary to prevent manifest 
injustice. Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 
404, 407 (Tex. Crim. App. 1997).
        To 
make a determination of factual insufficiency, a complete and detailed 
examination of all the relevant evidence is required. Johnson, 23 S.W.3d 
at 12. A proper factual sufficiency review must include a discussion of the most 
important and relevant evidence that supports the appellant’s complaint on 
appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
        A 
person commits burglary of a habitation if, without the effective consent of the 
owner, he enters a habitation with intent to commit a felony. Tex. Penal Code Ann. § 
30.02(a)(1) (Vernon 2003). The indictment alleged that Granados entered 
Arelleno’s apartment with the intent to commit sexual assault. Id. § 
22.011(a) (Vernon Supp. 2004). A person commits sexual assault if he 
intentionally or knowingly causes the penetration of the anus or sexual organ of 
another person by any means without that person’s consent or causes the sexual 
organ of another person, without that person’s consent, to contact or 
penetrate the mouth, anus, or sexual organ of another person, including the 
actor. Id. § 22.011(a)(1)(A), (C).
        The 
jury is exclusively empowered to determine the issue of intent, and the events 
of a burglary may imply the intent with which the defendant entered. Moreno 
v. State, 702 S.W.2d 636, 641 (Tex. Crim. App. 1986); Moore v. State, 
54 S.W.3d 529, 539 (Tex. App.—Fort Worth 2001, pet. ref’d). Thus, intent may 
be inferred from the defendant's conduct and surrounding circumstances. Id. 
Further, where the charge is burglary with an intent to commit a felony, the 
offense is complete whether the intended felony is committed, as long as the 
burglarious entry is made with the intent to commit the felony alleged. Id.
        Here, 
the record demonstrates that Granados observed Arelleno in the apartment complex 
parking lot and knew where she lived. He broke into her apartment wearing a ski 
mask and attempted to spray some substance on Arelleno. After Arelleno feigned 
unconsciousness, Granados dragged her into the living room and touched with his 
tongue or lips and his hand in her buttock area between her legs. Granados had 
disconnected Arelleno’s phone, television, and VCR.
        At 
trial, Granados attacked Arelleno’s report to the police because it contained 
fewer details than she gave in court. Granados testified at trial that he was 
not even in the area on the night in question and that he used the ski mask 
police found in his pant’s pocket in his work as a painter. He admitted at 
trial that he entered Arelleno’s apartment. According to Granados, the 
disconnected appliances show an intent to commit theft, not to sexually assault 
Arelleno upon entering her apartment.
        Viewing 
all of the evidence in a neutral light, the proof that Granados intended to 
commit sexual assault when he entered the apartment is not so obviously weak as 
to undermine confidence in the verdict or outweighed by contrary proof. See 
Sendejo v. State, 26 S.W.3d 676, 677-78 (Tex. App.—Corpus Christi 2000, 
pet. ref’d) (holding uncontroverted testimony that appellant entered home and 
touched child on leg near genital area was legally and factually sufficient to 
support intent element of defendant’s conviction for burglary of a habitation 
with the intent to commit indecency with a child); Sharpe v. State, 881 
S.W.2d 487, 490 (Tex. App.—El Paso 1994, no pet.) (holding victim’s 
testimony that defendant unplugged her phone, got on top of her, and she thought 
he was going to rape her, supported defendant’s conviction for burglary of a 
habitation with the intent to commit sexual assault); Moone v. State, 802 
S.W.2d 101, 104 (Tex. App.—Austin 1990, pet. ref’d) (holding evidence 
sufficient to support defendant’s conviction for burglary of a habitation with 
intent to commit sexual assault when defendant entered thirteen-year-old 
girl’s room in dead of night, was intoxicated, used knife to cut her 
underwear, concealed his identity when she awoke, and used mild force to prevent 
her from arousing others in house); Ramer v. State, 714 S.W.2d 44, 47 
(Tex. App.—Dallas 1986, pet. ref’d) (holding evidence sufficient to support 
defendant’s conviction for burglary of a habitation with intent to commit 
sexual assault when defendant broke into apartment, jumped on top of complainant 
in bed with his zipper open, and threatened to kill her if she did not stop 
screaming). Additionally, courts have rejected arguments like the one Granados 
raises that the sexual assault was an afterthought that developed during the 
burglary. See Moore, 54 S.W.3d at 539 (stating events of burglary may 
imply intent with which defendant entered); Coleman v. State, 832 S.W.2d 
409, 413-15 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d) 
(same). Moreover, the fact that Granados may also have intended to steal does 
not negate his intent to sexually assault Arelleno. See Ramirez v. State, 
815 S.W.2d 636, 642-43 (Tex. Crim. App. 1991) (holding that confession presented 
evidence appellant intended to commit theft, but that evidence did not prevent 
State from presenting other relevant evidence on appellant’s felonious intent 
to commit sexual assault).
        Viewing 
the evidence in a neutral light, we cannot conclude that the evidence supporting 
Granados’s guilt of the offense of burglary of a habitation with the intent to 
commit sexual assault is so weak as to render the jury’s verdict clearly wrong 
and unjust or that the verdict is against the great weight and preponderance of 
the evidence at trial. See Moore, 54 S.W.3d at 540; see also Thomas v. 
State, 126 S.W.3d 138, 147 (Tex. App.—Houston [1st Dist.] 2003, 
pet. ref’d). Assuming the jury chose to believe Arelleno’s version of 
events, the jury could have reasonably inferred from Granados’s actions that 
he entered the apartment with the intent to sexually assault Arelleno. See 
Moore, 54 S.W.3d at 540. Thus, we hold that the evidence is factually 
sufficient to support Granados’s conviction. We overrule Granados’s second 
point.
V. 
Conclusion
        Having 
overruled Granados’s two points, we affirm the trial court’s judgment.
   
   
                                                          SUE 
WALKER
                                                          JUSTICE
  
   
PANEL 
B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 8, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.