**Carl H. HOOTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46655.**

Court of Criminal Appeals of Texas.

Oct. 31, 1973.

Bob Kuhn, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Larry Laden, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of inviting a female child under the age of fourteen years to enter a motor vehicle for the purpose of committing aggravated assault upon such child. Trial was before the court on a plea of not guilty. Punishment was assessed at five years, probated.

The sole question is the sufficiency of the evidence to sustain the conviction. We reverse.

When the sufficiency of the evidence is challenged, this Court must view the evidence in the light most favorable to the verdict. Pogue v. State, 474 S.W.2d 492. The record reflects that on May 24, 1972, the appellant was near the T. G. Harris Elementary School in Austin when he asked several children to enter his vehicle.

Margaret Ann Markowski, age eleven on the date charged in the indictment, testified that she was talking to two other girls and two boys near the kick-ball field on their school's playground when their attention was directed over the fence to a man who was looking at them from a van-type truck. She related that he told them that he wanted them to come help him find a card, to which they replied that they could not because it was during school hours and they were not allowed outside the fence. She then testified that appellant said, "You can come help me find the card and then go back over the fence." She further related that appellant was fully clothed with the exception of not having a shirt on and that he subsequently offered to come over the fence himself if they couldn't come over to his van. Miss Markowski then testified that she and the other students returned to their classroom and reported the

events that had occurred to their teacher. She then stated that they saw appellant a second time that afternoon and that he had asked them to come over to his van in order that he could show them a trick in his van. Again she related that they told him they could not go outside the fence.

Theresa Gregar, age twelve, testified to substantially the same facts as Miss Markowski except that she added that the appellant also said something to them about his son's graduation, but that she did not recall exactly what he had said. She further testified that they saw the appellant again at 2:00 as they were leaving school for the day; that she and Margaret turned back around when he returned because they thought that he might try and get some other children to go to his van. She stated that he had parked his car near the sidewalk where the children cross the street in order to go home and that he remained there approximately five minutes. Momentarily he left and then returned and started talking to Mr. Hampton, their principal.

Patricia Rangel, also age twelve on the date charged in the indictment, testified to substantially the same facts as both Margaret Markowski and Theresa Gregar.

Marshall Hampton, principal of the school, testified that pursuant to a conversation he had had with the girls just a few minutes prior to the close of .school he had gone outside to investigate what had been reported to him. Noting that the license number given to him by the children matched the license number on appellant's vehicle which was parked on Berkman near the school crossing, he attempted to approach appellant's van, but appellant drove off. He further related that appellant returned and parked his vehicle right at the walkway where the children cross Berkman Drive. As he approached appellant's van this time, appellant stated that he was not proud of what he had done, and that he hoped he wouldn't think "bad" of him. Mr. Hampton then testified that

appellant started crying and asked him if he knew what it was like to be lonely. Appellant continued to talk of his family, talked of feeling sorry for himself, talked about how every night he dreamed of little girls, and how he had earlier attempted to get the children in his van in order to show them a numbers type game. Hampton also testified that appellant told him about his son who was graduating from high school and showed him a picture of his children and then started to show him the numbers game that he had tried to show the children. He further testified that appellant had on a brown knit shirt at the time but that the shirt was not pulled down all the way in back. It was as though he had just slipped it on.

At the close of this evidence, the State rested. Appellant did not testify nor did he call any witnesses in his behalf.

The State relies solely on Fisher v. State, 160 Tex.Cr.R. 634, 274 S.W.2d 397, to show that the evidence is sufficient to sustain the conviction.

In Fisher v. State, supra, the evidence showed that three students testified that Fisher had asked them, "Do you want a ride?" and when they declined he would reply, "Do you want a dollar to ride with me?" Fisher also said to the girl, "Oh, come on, baby." The incident frightened the girl. There was evidence in Fisher also that several of the students gave the school principal the number of Fisher's automobile which they had seen in the vicinity of the school. It was also shown that the principal had received numerous complaints from girls and some from their parents to the effect that someone had been offering them rides and that such complaints had involved only girls and that no further complaints were received from the children after Fisher's arrest.

Fisher also testified in his own behalf that he had on several occasions tried to pick up several girls in the vicinity of their school but that thay had always turned him down and that sometimes when they had

refused him he had offered them money. Also, he testified that he did not remember offering a ride to any of the witnesses who had testified and denied that he had ever said, "Come on, baby, get in the car." He stated that he had learned to befriend children in his youth and during his service in China, Korea and India but denied that he had ever molested any child. The case was submitted to a jury under a charge of circumstantial evidence and the jury was so instructed to acquit unless they found beyond a reasonable doubt that Fisher had a lascivious intent and intent to commit an aggravated assault upon the children at the time.

In Fisher, the evidence was without dispute that Fisher had invited children to enter the automobile he was driving. Fisher himself had admitted that he had offered rides to schoolgirls in the vicinity of the Thomas Sanchez school and that after being "turned down" had offered some of them money. And though he denied he had any lascivious intent or intent to commit assault upon any such children, this Court held the evidence sufficient to support the verdict.

It was then incumbent upon the jury to weigh the credibility of the witnesses. The jury was not bound to accept Fisher's denial of such intent.

■ In the present case, the record is devoid of any evidence to show that the appellant spoke any word which may have had a sexual connotation, nor did he expose himself, nor did he touch the children involved. The evidence in this case simply shows that the appellant had invited at least three children at the same time to come into his van. In the Fisher case, only one girl was invited to enter his car, but when she declined, he offered her money and said. "Oh, come on, baby." There is evidence that appellant admitted to the principal that he was remorseful for his act, but even this statement there is no evidence that he intended to do anything other than talk to the children. The burden

was on the State to show that appellant acted with lascivious intent. Unlike Fisher, the State introduced evidence in the present case that would tend to negate lascivious intent.

In O'Neal v. State, 421 S.W.2d 391, this Court held that when "the offense alleged in the indictment as denounced in the statute consists of an *act combined with a particular intent, that is, a lascivious intent,* and it is as necessary to prove the intent as to prove the act, and the *particular intent* must be found by the jury, as a fact, beyond a reasonable doubt, before a conviction can be sustained." (Emphasis supplied). The Court went on to note that in Slusser v. State, 155 Tex.Cr.R. 160, 232 S.W.2d 727, this Court had defined the term "lewd or lascivious manner" as meaning a vulgar manner inciting sexual desire or appetite, and connotes lusts, indecency and sexual indulgence.

We hold that under the facts of this case the evidence is insufficient to support appellant's conviction beyond a reasonable doubt; therefore, the judgment is reversed and the cause remanded.