OPINION
 

 McCOLLUM, Justice.
 

 This is an appeal from a jury conviction for the offense of burglary with intent to commit sexual assault. The court assessed punishment at twenty-four years’ imprisonment. We affirm.
 

 Appellant’s Assertion of Error
 

 Appellant brings forth a single point of
 
 error,
 
 asserting the evidence was insufficient to support the jury’s verdict because the State failed to introduce sufficient evidence of Appellant’s intent to commit sexual assault.
 

 Relevant Facts
 

 Appellant was indicted for unlawfully, intentionally, and knowingly entering a habitation without the effective consent of Patricia Castaneda, the owner thereof, with intent to commit a felony, to-wit: sexual assault.
 

 The record reflects that in the early morning hours of August 1, 1992, Mrs. Castaneda’s husband left for work between 3:20 and 3:25 a.m. Mrs. Castaneda remained asleep in her bedroom with her one year old daughter and six month old son. Between 3:30 and 3:45 a.m., Mrs. Castaneda awoke
 
 to
 
 the sound of her bedroom doorknob squeaking. She sat up, called her husband’s name and heard a male voice tell her to “shut up.” Mrs. Castaneda testified she recognized the voice as being that of Appellant, an acquaintance from her school days. He grabbed Mrs. Castaneda by the shoulder, laid her back down on the bed and told her not to scream or her daughter would “get it.” Mrs. Castaneda testified that she saw Appellant’s face and recognized him. She also stated that Appellant smelled of alcohol and told her he was not there to rob her or to hurt her, also saying, “I don’t enjoy hurting woman [sic], I just get what I want and I am on my way.” Appellant held Mrs. Castaneda down on the bed and tried to get on top of her. A neighbor of Mrs. Castaneda testified that he heard his dogs barking, looked out his window and observed a man entering the Castaneda home through a window. This neighbor took out a rifle, went out his door and fired a shot into the air in order to “wake up the people.” Upon hearing the shot, Appellant fled the Castaneda home, again through the bedroom window. After Appellant fled, it was discovered that the bedroom door was locked. The complainant testified that the bedroom door was not locked when she went to bed that night. Later, Mrs. Castaneda also found that the telephone in her bedroom was unplugged. She testified that the telephone was not unplugged when she went to bed that night. Mrs. Castaneda stated that she did not give Appellant permission to enter her home, and that she believed Appellant “was going to rape me.” The complainant’s mother-in-law testified that immediately after the incident, the complainant was “hysterical and trembling.” No witnesses other than the complainant produced evidence of Appellant’s intent. Appellant neither testified, nor called any witnesses in his behalf.
 

 Standard of Review
 

 In reviewing the sufficiency of the evidence to support a criminal conviction, all of the evidence must be viewed in a light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime, as alleged, beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979);
 
 Geesa v. State,
 
 820 S.W.2d 154, 159 (Tex.Crim.App.1991);
 
 Enriquez v. State,
 
 826 S.W.2d 191, 192 (Tex.App.—El Paso 1992, no pet.). When reviewing the sufficiency of the evidence, all of the evidence must be considered.
 
 Dunn v. State,
 
 721 S.W.2d 325, 327 (Tex.Crim.App.1986). The verdict must stand unless it is found to be irrational or unsupported by more than a “mere modicum” of the evidence, with such evidence being viewed in light of
 
 Jackson. Moreno v. State,
 
 755 S.W.2d 866, 867 (Tex.Crim.App.1988). The Court’s role is not to judge the credibility of the evidence or substitute fact evaluations for those of the fact finder. It is instead to serve as the final due
 
 *489
 
 process safeguard and surety of the fact finder’s rationality.
 
 Moone v. State,
 
 802 S.W.2d 101, 102 (Tex.App.—Austin 1990, pet. ref'd) (opinion on rehearing).
 

 Burglary
 

 To constitute burglary, the entry must be with the intent to commit a felony or theft. Tex.Penal Code Ann. § 30.02 (Vernon 1989). The intent is an essential element of the offense of burglary and must be proved in order to sustain a conviction of burglary.
 
 Ramon v. State,
 
 657 S.W.2d 437, 438 (Tex.App.—Corpus Christi 1983, no pet.). The intent alleged must be proved beyond a reasonable doubt by the facts and circumstances which lead with reasonable certainty to the conclusion sought and not left to speculation and surmise.
 
 LaPoint v. State,
 
 750 S.W.2d 180, 182 (Tex.Crim.App.1988);
 
 Greer v. State,
 
 437 S.W.2d 558, 559-60 (Tex.Crim.App.1969). In the ease at bar, to find the commission of a burglary, there must be evidence not only showing burglarious entry but also that the Appellant, at the time he entered, had specific intent to commit a felony, sexual assault, as alleged in the indictment.
 
 See LaPoint,
 
 750 S.W.2d at 182. However, as a fact question for the jury, intent may be inferred from the defendant’s conduct and surrounding circumstances.
 
 Id.; Linder v. State,
 
 828 S.W.2d 290, 294 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd);
 
 Williams v. State,
 
 699 S.W.2d 368, 370 (Tex.App.—Houston [1st Dist.] 1985, no pet.);
 
 Ercanbrack v. State,
 
 646 S.W.2d 480, 481 (Tex.App.—Houston [1st Dist.] 1982, no pet.);
 
 Lewis v. State,
 
 638 S.W.2d 148, 151 (Tex.App.—El Paso 1982, pet. ref'd). Particularly, Appellant’s intent to commit sexual assault can be inferred from his remarks and the circumstances surrounding his act.
 
 Holland v. State,
 
 729 S.W.2d 366, 372 (Tex.App.—Beaumont 1987, no pet.).
 

 Application of the Standard to the Facts
 

 Appellant urges that under the facts and circumstances of this case, his conviction cannot stand because the evidence does not show beyond a reasonable doubt that he intended to commit sexual assault when he entered the Castaneda home. He relies on
 
 Hoots v. State,
 
 501 S.W.2d 134 (Tex.Crim.App.1973); and Hays
 
 v. State,
 
 86 Tex.Crim. 469, 217 S.W. 938 (1920).
 

 In
 
 Hoots,
 
 the defendant was convicted of the offense of inviting a female child under the age of fourteen to enter a motor vehicle for the purpose of sexually assaulting her. The case was reversed for insufficiency of the evidence, although evidence was heard that Hoots: twice attempted to lure the eleven year old from the school yard into his vehicle; two twelve-year-old girls corroborated the young girl’s testimony; Hoots fled from the school principal; the principal located Hoots waiting for girls at a school crossing; Hoots stated to the principal, “that he was not proud of what he had done, and that he hoped [the principal] wouldn’t think ‘bad’ of him” and that “every night he dreamed of little girls, and how he had earlier attempted to get the children in his van.”
 
 Hoots,
 
 501 S.W.2d at 135-36. The evidence was insufficient because Hoots had neither spoken any word which may have a sexual connotation, nor did he expose himself or touch the children involved.
 
 Id,
 
 at 136.
 

 In
 
 Hays,
 
 the complainant awoke one night to find the defendant bending over her and holding her wrist. He identified himself, at which time she jerked away, whereby he ran from the room. The evidence was insufficient to show intent to commit rape because “it appears that he did not endeavor to disguise or conceal his identity, or in any way to use force after [the complainant’s] actions and words at the time she awoke....”
 
 Hays,
 
 217 S.W. at 938.
 

 In
 
 Hays
 
 and
 
 Hoots,
 
 the victims were neither threatened nor spoken to in a sexual manner. In the present case, the victim was forced to he back down on the bed, was threatened with harm to her daughter, and the Appellant attempted to climb on top of her. The victim testified that the bedroom door was unlocked and the phone plugged in when she went to bed; however, following Appellant’s intrusion, the bedroom door was locked and the phone unplugged. Moreover, a reasonable inference of Appellant’s intent can be drawn from his statement to Mrs. Castaneda that he was not there to rob her,
 
 *490
 
 but to “just get what I want and I am on my way.”
 

 In the following cases, it was held that the evidence was sufficient to show an intent to commit sexual assault:
 
 Holland v. State,
 
 729 S.W.2d at 367-68 (defendant’s intent to commit sexual assault inferred whereby he placed gun to victim’s head, locked front door, dragged her into bedroom, and remarked that he “wanted” her and they “were going to be alone”);
 
 Moone v. State,
 
 802 S.W.2d at 104 (defendant’s intent to commit sexual assault inferred whereby he was present in thirteen year old girl’s bedroom in dead of night, intoxicated, used knife to cut her underwear, concealed his identity when she awoke, and used mild force to prevent her from arousing others in the house);
 
 Ramer v. State,
 
 714 S.W.2d 44 (Tex.App.—Dallas 1986, pet. ref'd) (evidence sufficient to establish intent to commit rape whereby defendant broke into the apartment, jumped on top of complainant in the bed, with his zipper open such that his underwear was visible, and threatened to kill her if she did not stop screaming);
 
 Allen v. State, 156
 
 Tex.Crim. 620, 245 S.W.2d 707 (1952) (evidence sufficient to support conviction whereby victim was awakened by a man lying on top of her, defendant told her to be quiet and she would not get hurt, at which time she said she must check her baby, fled to neighbor’s house and observed defendant leaving). Notably, in
 
 Koster v. State,
 
 773 S.W.2d 763 (Tex.App.—Beaumont 1989, pet. ref'd), the Court upheld a conviction for burglary with intent to commit sexual assault in a case where the complainant, worried about noises, went down a hallway to wake her boyfriend, at which time the defendant grabbed her and shoved her to the floor. When she screamed for help and the boyfriend ran to her aid, the defendant fled.
 
 Id.
 
 The victim was not able to identify anyone, and the only other evidence was four fingerprints found on the window screen trim where the defendant had entered the house.
 
 Id.
 

 The jury, as the trier of fact, is the sole judge of the credibility of witnesses, and may believe or disbelieve all or any part of a witness’s testimony.
 
 Sharp v. State,
 
 707 S.W.2d 611, 614 (Tex.Crim.App.1986),
 
 cert. denied,
 
 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).
 
 Turk v. State,
 
 867 S.W.2d 883, 885 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). As in almost all cases where there is not a confession, Appellant’s intent must be inferred from his conduct and the other circumstances of the case.
 
 Moone,
 
 802 S.W.2d at 103. The jury obviously believed Mrs. Castaneda’s testimony and drew an inference that Appellant intended to commit an act of sexual assault. If there is evidence that establishes guilt beyond a reasonable doubt, and the trier of fact believes that evidence, this Court is not in a position to reverse the judgment on sufficiency of evidence grounds.
 
 Moreno,
 
 755 S.W.2d at 867;
 
 Turk,
 
 867 S.W.2d at 885. Viewing the evidence in the light most favorable to the jury’s verdict, we hold that a rational trier of fact could find beyond a reasonable doubt that Appellant entered the Castaneda residence without effective consent and with the intent to commit sexual assault.
 

 The judgment of the trial court is affirmed.