Jose Luis Granados v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-082-CR

JOSE LUIS GRANADOS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Jose Luis Granados appeals his conviction for burglary of a habitation with intent to commit sexual assault.  A jury found Granados guilty and assessed his punishment at thirty years’ confinement.  In two points, Granados contends that the trial court erred by accepting a vague and uncertain jury verdict and that the evidence is factually insufficient to support his conviction.  We will affirm.

II.  Background Facts

On the night of the burglary, Veronica Arelleno put her daughter to bed around midnight, studied for a college admission exam, and eventually went to bed at around 2 a.m.  Arelleno awoke because someone lifted and moved her arm.  She first thought it was her husband from whom she was separated, but she looked up and saw a thin person wearing a light-colored mask.  Arelleno heard the sound of an aerosol spray can being dispensed close to her.  She thought that the intruder was trying to spray something in her eyes, but the liquid did not touch her.  She jumped up and, in English and in Spanish, asked whether the intruder wanted money or sex, but the intruder did not respond and continued to spray.  She tried not to scream because her daughter was in a bed in the same bedroom.  Her daughter woke up nonetheless and told the intruder to leave her mom alone.

At that point, Arelleno feigned unconsciousness.  She let her entire body become limp.  She thought that if the intruder wanted to rob her, he would notice that she was unconscious and take whatever he wanted.  Instead, he took the covers off Arelleno.  Her shorts were pulled off with the covers.  The intruder grabbed Arelleno underneath her arms and dragged her face down into the living room.  As she lay face down on the living room floor, the intruder touched her with his tongue or his lips “in the part between [her] buttocks and [her] legs” and touched her with his hand between her legs.  Arelleno heard a zipper open, and then her daughter entered the living room, started to cry, and ran back to the bedroom.  Arelleno heard the intruder go to shut the bedroom door, so she got up.

Arelleno charged the intruder, who was no longer wearing the mask, and tried to hit him in the groin area.  When Arelleno saw the man’s face, she immediately recognized him as someone she had seen around the apartment complex.  She identified Granados as the intruder.  Arelleno hit the man in his privates approximately three times.  The intruder hit Arelleno in the shoulder and near her ear.  During the scuffle, Arelleno ran to the phone to call the police but then noticed that the phone had been disconnected.  The intruder fled, and Arelleno locked her front door and called the police from her other phone.  As she waited for the police, Arelleno noticed that her television and VCR were also disconnected.

The police arrived and took Arelleno to the police station to make a report.  She told the police that she had seen the intruder around the apartment complex and that he drove a small blue truck.  She described the intruder as a skinny forty to fifty year-old male and selected Granados from a photo line-up.  She said that Granados did not have permission to enter her apartment or to touch her body.  Before she left the police station, the police took photographs of the bruise on her shoulder and the scratches on her legs made when Granados dragged her to the living room.

Police obtained a warrant for Granados’s arrest and found him hiding in a closet in his apartment.  Granados came out of the closet wearing only white boxer shorts and motioned for his pants.  One of the officers searched Granados’s pants before giving them to Granados and found an offwhite ski mask in the left front pocket of the pants.

At trial, Granados testified that he spent the night in question at Artelio Lechuga’s apartment in Carrollton.  He explained that the mask belonged to him and that he used it for painting.  He admitted that he knew where Arelleno lived.  On cross-examination, Granados answered “yes” to a question about whether he had ever entered Arelleno’s apartment; however, on redirect examination, he said that he had never been in her apartment. 

In spite of Granados’s alibi, the jury found him guilty and assessed his punishment at thirty years’ confinement.  This appeal followed.

III.  Verdict Not Vague or Conflicting

In his first point, Granados contends that the trial court committed error by receiving a vague and uncertain jury verdict that conflicted with the indictment.  The indictment charged that:

on or about the 19
th
 day of August 2002, [Granados] did intentionally or knowingly, without the effective consent of Veronica Arelleno, the owner thereof, enter a habitation with intent to commit sexual assault, 

PARAGRAPH TWO:  And it is further presented in and to said court that [Granados] . . . on or about the 19
th
 day of August, 2002, did intentionally or knowingly, without the effective consent of Veronica Arelleno, the owner thereof, enter a habitation and did attempt to commit or commit sexual assault.

The court’s charge instructed the jury on both of the above indictment paragraphs.  However, the verdict form provided only one conviction option, stating, “We, the jury, find the Defendant, JOSE LUIS GRANADOS, guilty of the offense of Burglary of a Habitation with Intent to Commit a Felony, to-wit: Sexual Assault, as charged in the Indictment.”  Thus, Granados complains that because the term “felony,” appears in the verdict form but not in the indictment, and because the term “felony” was not defined in the court’s charge to the jury, the jury’s verdict conflicts with the indictment, rendering it uncertain.  Granados also complains that the court’s charge failed to properly instruct the jury because it instructed the jury on two theories of commission of the offense but provided for conviction on only one theory.  

The State points out that the court’s charge did provide, “You are instructed that Sexual Assault is a felony.”  The State contends that this instruction in the court’s charge eliminated the ambiguity Granados claims exists.  The State also argues that any limitation that the general verdict form placed on the jury’s determination of Granados’s guilt was a windfall to Granados.

Significantly, the record shows that out of the presence of the jury, Granados requested the very instruction and language in the verdict form that he now complains about:

THE COURT:  All right.  And the changes that we have incorporated from discussions off the record are that the Court has entitled the offense in the first paragraph, as well as in the verdict form, burglary of a habitation with intent to commit a felony, to-wit:  sexual assault, 
at the request of the defense
.

And are there any further objections or specially requested charges from the State?

[PROSECUTOR]:  No, Your Honor.

THE COURT:  From the defense?

[DEFENSE COUNSEL]:  No, Your Honor.  [Emphasis added.]

Because Granados requested the inclusion of the very language he now complains about any error is not preserved for our review.  
See Cadd v. State
, 587 S.W.2d 736, 741 (Tex. Crim. App. 1979) (op. on reh’g); 
Willeford v. State
, 72 S.W.3d 820, 823 (Tex. App.—Fort Worth 2002, pet. ref’d).  We overrule Granados’s first point.

IV.  Factually Sufficient Evidence

In his second point, Granados argues that the evidence is factually insufficient to support his conviction.  Specifically, Granados contends that the evidence is factually insufficient to establish that he had the intent to commit sexual assault when he entered Arelleno’s apartment.  The State responds that there is ample evidence to support the jury’s verdict. 

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the 
verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id.
 at 8-9; 
Clewis
, 922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson
, 23 S.W.3d at 12.  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

A person commits burglary of a habitation if, without the effective consent of the owner, he enters a habitation with intent to commit a felony. 
Tex. Penal Code Ann.
 § 30.02(a)(1) (Vernon 2003).  The indictment alleged that Granados entered Arelleno’s apartment with the intent to commit sexual assault.  
Id.
 § 22.011(a) (Vernon Supp. 2004).  A person commits sexual assault if he intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means without that person’s consent or causes the sexual organ of another person, without that person’s consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor.  
Id.
 § 22.011(a)(1)(A), (C).

The jury is exclusively empowered to determine the issue of intent, and the events of a burglary may imply the intent with which the defendant entered. 
Moreno v. State
, 702 S.W.2d 636, 641 (Tex. Crim. App. 1986); 
Moore v. State
, 54 S.W.3d 529, 539 (Tex. App.—Fort Worth 2001, pet. ref’d).  Thus, intent may be inferred from the defendant's conduct and surrounding circumstances.  
Id.
  Further, where the charge is burglary with an intent to commit a felony, the offense is complete whether the intended felony is committed, as long as the burglarious entry is made with the intent to commit the felony alleged.  
Id.

Here, the record demonstrates that Granados observed Arelleno in the apartment complex parking lot and knew where she lived.  He broke into her apartment wearing a ski mask and attempted to spray some substance on Arelleno.  After Arelleno feigned unconsciousness, Granados dragged her into the living room and touched with his tongue or lips and his hand in her buttock area between her legs.  
Granados had disconnected Arelleno’s phone, television, and VCR. 

At trial, Granados attacked Arelleno’s report to the police because it contained fewer details than she gave in court.  Granados testified at trial that he was not even in the area on the night in question and that he used the ski mask police found in his pant’s pocket in his work as a painter.  He admitted at trial that he entered Arelleno’s apartment.  According to Granados, the disconnected appliances show an intent to commit theft, not to sexually assault Arelleno upon entering her apartment.

Viewing all of the evidence in a neutral light, the proof that Granados intended to commit sexual assault when he entered the apartment is not so obviously weak as to undermine confidence in the 
verdict
 or outweighed by contrary proof.  
See Sendejo v. State
, 26 S.W.3d 676, 677-78 (Tex. App.—Corpus Christi 2000, pet. ref’d) (holding uncontroverted testimony that appellant entered home and touched child on leg near genital area was legally and factually sufficient to support intent element of defendant’s conviction for burglary of a habitation with the intent to commit indecency with a child); 
Sharpe v. State
, 881 S.W.2d 487, 490 (Tex. App.—El Paso 1994, no pet.) (holding victim’s testimony that defendant unplugged her phone, got on top of her, and she thought he was going to rape her, supported defendant’s conviction for burglary of a habitation with the intent to commit sexual assault); 
Moone v. State
, 802 S.W.2d 101, 104 (Tex. App.—Austin 1990, pet. ref’d) (holding evidence sufficient to support defendant’s conviction for burglary of a habitation with intent to commit sexual assault when defendant entered thirteen-year-old girl’s room in dead of night, was intoxicated, used knife to cut her underwear, concealed his identity when she awoke, and used mild force to prevent her from arousing others in house); 
Ramer v. State
, 714 S.W.2d 44, 47 (Tex. App.—Dallas 1986, pet. ref’d) (holding evidence sufficient to support defendant’s conviction for burglary of a habitation with intent to commit sexual assault when defendant broke into apartment, jumped on top of complainant in bed with his zipper open, and threatened to kill her if she did not stop screaming).  Additionally, courts have rejected arguments like the one Granados raises that the sexual assault was an afterthought that developed during the burglary.  
See Moore
, 54 S.W.3d at 539 (stating events of burglary may imply intent with which defendant entered); 
Coleman v. State
, 832 S.W.2d 409, 413-15 (Tex. App.—Houston [1
st
 Dist.] 1992, pet. ref’d) (same).  Moreover, the fact that Granados may also have intended to steal does not negate his intent to sexually assault Arelleno.  
See Ramirez v. State
, 815 S.W.2d 636, 642-43 (Tex. Crim. App. 1991) (holding that confession presented evidence appellant intended to commit theft, but that evidence did not prevent State from presenting other relevant evidence on appellant’s felonious intent to commit sexual assault).

Viewing the evidence in a neutral light, we cannot conclude that the evidence supporting Granados’s guilt of the offense of burglary of a habitation with the intent to commit sexual assault is so weak as to render the jury’s verdict clearly wrong and unjust or that the verdict is against the great weight and preponderance of the evidence at trial.  
See Moore
, 54 S.W.3d at 540; 
see also Thomas v. State
, 126 S.W.3d 138, 147 (Tex. App.—Houston [1
st
 Dist.] 2003, pet. ref’d).  Assuming the jury chose to believe Arelleno’s version of events, the jury could have reasonably inferred from Granados’s actions that he entered the apartment with the intent to sexually assault Arelleno.  
See Moore
, 54 S.W.3d at 540.  Thus, we hold that the evidence is factually sufficient to support Granados’s conviction.  We overrule Granados’s second point.

V.  Conclusion

Having overruled Granados’s two points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: April 8, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.