COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROBERTO BARAY, | § | No. 08-08-00169-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 448th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20070D03129) |
| | § | |

**O P I N I O N**

In a single issue, Appellant complains the evidence was legally insufficient to sustain his conviction for possession of marijuana. We disagree.

**BACKGROUND**

On June 29, 2007, after receiving a tip that narcotics were being stored at 621 Feliz, El Paso Sheriff's Department Detectives Mario Garcia and Johnny Paniagua, and Deputy Eddie Sanchez began conducting surveillance on the residence. In the driveway of the residence were two vehicles, a full-sized van and an Isuzu SUV. Appellant was seen exiting the residence carrying white boxes as he approached the SUV. Believing that the boxes may have contained drug-related items such as money or narcotics, the officers approached Appellant and, after introducing himself, Detective Garcia asked Appellant for permission to search the residence and vehicles. Appellant, who was alone at the home, provided verbal and written consent to search the home and vehicles.

A narcotics-detection dog, which was trained to detect the odor of narcotics but not necessarily the presence thereof, was utilized in the search and alerted to a young girl's bedroom within the residence as well as both vehicles. In the closet of the bedroom were adult male clothes

and three bundles of marijuana. The bedroom contained a child-sized bed and a second bed. A second bedroom appeared to be occupied by a female but the narcotics-detection dog did not alert to that bedroom.

The dog alerted to the rear of the van, which was locked. The keys to the van were located inside the other vehicle, the SUV. Although the dog had also alerted to the SUV, no drugs were found inside it. Upon opening the van with the keys found inside the SUV, the officers found boxes containing more bundles of marijuana. The bundles from the home and van tested positive for marijuana. In sum, 456 bundles of marijuana weighing 509.8 pounds were found in the home and van.

Appellant was arrested, was advised of his rights, was transported to the Sheriff's office, and was provided a document explaining his rights, which he initialed and signed. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). According to Detective Paniagua, without being asked any questions, Appellant then voluntarily stated that he knew the van contained marijuana, that he had driven the van, and that he was awaiting additional instructions regarding transportation of the marijuana. However, Appellant refused to provide this information in writing.

During trial, Appellant stated that he had been living at 621 Feliz, which was his sister's and niece's home, for more than a year due to marital problems. He also testified that no one else stayed in the home overnight and that the clothes in his closet belonged to his niece. According to Appellant, he kept his clothes in a suitcase because he slept in the living room on the floor, not in his niece's bedroom. Appellant stated that he had been driving the SUV, which he had borrowed from his brother, for approximately eight months, but had never seen the van keys inside the SUV and had not ever seen the van before the day of his arrest. He denied knowing that the marijuana was in either his niece's bedroom closet or van, or that the narcotics-detection dog had alerted to the

SUV. Appellant testified that Detective Paniagua had lied regarding Appellant's confession, and he also denied that the narcotics dog alerted to the SUV.

On cross-examination, Appellant admitted that he had seen the dog alert to the SUV and that, in addition to sleeping on the floor, he sometimes slept in the extra bed in his niece's bedroom. Appellant also stated that, except for his testimony about Appellant's confession, Detective Paniagua's testimony was truthful.

The jury convicted Appellant of possession of marijuana as charged in the indictment.

## DISCUSSION

Appellant complains that the evidence is legally insufficient (1) to link him to the actual care, custody, control, or management of the marijuana that was found in the van and at the residence, or (2) to establish that he knew he was in possession of marijuana.

*Standard of Review*

In reviewing the legal sufficiency of evidence, we consider all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979). We look at "'events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act.'" *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007), *quoting Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App.1985). We must account for "'the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Hooper,* 214 S.W.3d at 13, *quoting Jackson*, 443 U.S. at 318-19. We do not resolve any conflict of fact or assign credibility to the witnesses for that was the jury's function. *Adelman v. State*, 828

S.W.2d 418, 421 (Tex. Crim. App. 1992). Thus, any inconsistencies in the evidence are resolved in favor of the verdict. *Matson v. State*, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991), *quoting Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

*Applicable Law*

To prove unlawful possession of marijuana, the State must necessarily prove that the accused exercised care, control, and management over the marijuana, and that he knew he was in possession of the contraband. *Martin v. State*, 753 S.W.2d 384, 386 (Tex. Crim. App. 1988). Possession involves more than simply being where the action is; it requires exercise of dominion and control over the thing allegedly possessed. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985). Evidence must affirmatively link the accused to the contraband by evidence indicating knowledge and control. *Menchaca v. State*, 901 S.W.2d 640, 651 (Tex. App.–El Paso 1995, pet. ref'd), *citing Waldon v. State,* 579 S.W.2d 499, 501 (Tex. Crim. App. 1979). The burden of establishing affirmative links rests upon the State. *Menchaca*, 901 S.W.2d at 651, *citing Damron v. State*, 570 S.W.2d 933, 935 (Tex. Crim. App. 1978). Proof of knowledge is an inference drawn by the jury from all circumstances. *Dillon v. State*, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978). Knowledge may arise from the conduct of and remarks by the accused or from circumstances surrounding the acts engaged in by the accused. *Sharpe v. State*, 881 S.W.2d 487, 489 (Tex. App.–El Paso 1994, no pet.).

If the evidence suggests that the accused has dominion or control over the vehicle in which the contraband is concealed, the accused may be in possession of the contraband. *Castellano*, 810 S.W.2d at 806 (finding that defendant exercised control over a car and possession of its contraband as a passenger when he instructed the driver to continue on the freeway and not exit). Knowledge of the presence of contraband may be inferred from control over the vehicle in which the contraband

is concealed, particularly when the amount of contraband is large enough to indicate that the accused knew of its presence. *Castellano*, 810 S.W.2d at 806.

The presence of a large amount of contraband can be an indication that the accused knew of its presence and that it was not accidental. *Carvajal v. State*, 529 S.W.2d 517, 520-21 (Tex. Crim. App. 1975), *cert. denied*, 424 U.S. 926, 96 S.Ct. 1139, 47 L.Ed.2d 336 (1976). However, if the accused is not in exclusive possession of the place where the contraband is found, we cannot conclude that the accused had knowledge of and control over the substance unless there are additional independent facts and circumstances that affirmatively link the accused to the contraband. *Poindexter v. State,* 153 S.W.3d 402, 406 (Tex. Crim. App. 2005), *citing United States v. Phillips*, 496 F.2d 1395, 1397 (5th Cir. 1974), *cert. denied*, 422 U.S. 1056, 95 S.Ct. 2680, 45 L.Ed.2d 709 (1975); *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. [Panel Op.] 1981). There must be an affirmative link between an accused and the contraband to the degree that a reasonable inference may arise that the accused knew that the drugs existed and where they were kept. *See Gutierrez v. State*, 628 S.W.2d 57, 60 (Tex. Crim. App. [Panel Op.] 1982), *overruled on other grounds by Chambers v. State*, 711 S.W.2d 240, 247 (Tex. Crim. App. 1986).

An affirmative link, which may be shown by either direct or circumstantial evidence, "must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous." *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). Non-exclusive factors that may affirmatively link the accused to contraband include whether: (1) the contraband was in plain view or recovered from an enclosed place; (2) the accused was the owner of the premises or the place where the contraband was found; (3) the accused was found with a large amount of cash; (4) the contraband was conveniently accessible to the accused; (5) the contraband was found in close proximity to the accused; (6) a strong residual odor of the contraband was

present; (7) the accused possessed other contraband when arrested; (8) paraphernalia to use the contraband was in view, or found on the accused; (9) the physical condition of the accused indicated recent consumption of the contraband in question; (10) conduct by the accused indicated a consciousness of guilt; (11) the accused attempted to flee; (12) the accused made furtive gestures; (13) the accused had a special connection to the contraband; (14) the occupants of the premises gave conflicting statements about relevant matters; (15) the accused made incriminating statements connecting himself to the contraband; (16) the quantity of the contraband; and (17) the accused was observed in a suspicious area under suspicious circumstances. *Lassaint v. State*, 79 S.W.3d 736, 740-41 (Tex. App.–Corpus Christi 2002, no pet.); *Castellano v. State*, 810 S.W.2d 800, 805 (Tex. App.–Austin 1991, no pet.). The logical force the factors play in establishing the elements of the offense is more important than the number of factors involved. *See Jones v. State*, 963 S.W.2d 826, 830 (Tex. App.–Texarkana 1998, pet. ref'd). The question of whether the evidence is sufficient to affirmatively link the accused to the contraband must ultimately be answered on a case-by-case basis. *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App.–Austin 1991, pet. ref'd).

*Application*

In the instant case, the evidence showed that officers began surveillance of Appellant's residence based upon a tip they had received. Appellant was alone at the residence. Inside the home, the narcotics-detection dog only alerted to Appellant's niece's bedroom in which Appellant admitted he sometimes slept. In the closet of that bedroom, officers found adult male clothes and marijuana. Appellant admitted that he, his sister, and his niece were the only persons who stayed overnight in the home. Inside the SUV that Appellant had been driving for a period of eight months were the keys that opened the van in which additional marijuana was found. Finally, the quantity of marijuana found in the home and van was large, over 500 pounds.

The logical force of the circumstantial evidence in this case and the reasonable inferences drawn therefrom are sufficient to establish beyond a reasonable doubt that Appellant exercised actual care, custody, control, or management of the marijuana. *See Jones*, 963 S.W.2d at 830. We therefore conclude that the evidence, both direct and circumstantial, when viewed in combination and its sum total, is sufficient to connect Appellant to the actual care, custody, control, or management of the marijuana found in the van and in the bedroom. Considering the totality of the evidence from the record and viewing the evidence in a light most favorable to the jury's verdict, we find it is reasonable that the jury could have found Appellant guilty of possession of marijuana. Appellant's sole issue on appeal is overruled.

## CONCLUSION

We affirm Appellant's conviction.

_____
GUADALUPE RIVERA, Justice

May 19, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)