COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS


ROBERTO BARAY,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00169-CR



Appeal from the


448th District Court 


of El Paso County, Texas 


(TC# 20070D03129) 


O P I N I O N


 In a single issue, Appellant complains the evidence was legally insufficient to sustain his
conviction for possession of marijuana. We disagree.

BACKGROUND


 On June 29, 2007, after receiving a tip that narcotics were being stored at 621 Feliz, El Paso
Sheriff's Department Detectives Mario Garcia and Johnny Paniagua, and Deputy Eddie Sanchez
began conducting surveillance on the residence. In the driveway of the residence were two vehicles,
a full-sized van and an Isuzu SUV. Appellant was seen exiting the residence carrying white boxes
as he approached the SUV. Believing that the boxes may have contained drug-related items such
as money or narcotics, the officers approached Appellant and, after introducing himself, Detective
Garcia asked Appellant for permission to search the residence and vehicles. Appellant, who was
alone at the home, provided verbal and written consent to search the home and vehicles.

 A narcotics-detection dog, which was trained to detect the odor of narcotics but not
necessarily the presence thereof, was utilized in the search and alerted to a young girl's bedroom
within the residence as well as both vehicles. In the closet of the bedroom were adult male clothes
and three bundles of marijuana. The bedroom contained a child-sized bed and a second bed. A
second bedroom appeared to be occupied by a female but the narcotics-detection dog did not alert
to that bedroom.

 The dog alerted to the rear of the van, which was locked. The keys to the van were located
inside the other vehicle, the SUV. Although the dog had also alerted to the SUV, no drugs were
found inside it. Upon opening the van with the keys found inside the SUV, the officers found boxes
containing more bundles of marijuana. The bundles from the home and van tested positive for
marijuana. In sum, 456 bundles of marijuana weighing 509.8 pounds were found in the home and
van.

 Appellant was arrested, was advised of his rights, was transported to the Sheriff's office, and
was provided a document explaining his rights, which he initialed and signed. See Miranda v.
Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). According to Detective Paniagua,
without being asked any questions, Appellant then voluntarily stated that he knew the van contained
marijuana, that he had driven the van, and that he was awaiting additional instructions regarding
transportation of the marijuana. However, Appellant refused to provide this information in writing. 

 During trial, Appellant stated that he had been living at 621 Feliz, which was his sister's and
niece's home, for more than a year due to marital problems. He also testified that no one else stayed
in the home overnight and that the clothes in his closet belonged to his niece. According to
Appellant, he kept his clothes in a suitcase because he slept in the living room on the floor, not in
his niece's bedroom. Appellant stated that he had been driving the SUV, which he had borrowed
from his brother, for approximately eight months, but had never seen the van keys inside the SUV
and had not ever seen the van before the day of his arrest. He denied knowing that the marijuana was
in either his niece's bedroom closet or van, or that the narcotics-detection dog had alerted to the
SUV. Appellant testified that Detective Paniagua had lied regarding Appellant's confession, and he
also denied that the narcotics dog alerted to the SUV.

 On cross-examination, Appellant admitted that he had seen the dog alert to the SUV and that,
in addition to sleeping on the floor, he sometimes slept in the extra bed in his niece's bedroom. 
Appellant also stated that, except for his testimony about Appellant's confession, Detective
Paniagua's testimony was truthful.

 The jury convicted Appellant of possession of marijuana as charged in the indictment.

 DISCUSSION

 Appellant complains that the evidence is legally insufficient (1) to link him to the actual care,
custody, control, or management of the marijuana that was found in the van and at the residence, or
(2) to establish that he knew he was in possession of marijuana.

Standard of Review

 In reviewing the legal sufficiency of evidence, we consider all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979). We look at "'events occurring before,
during and after the commission of the offense and may rely on actions of the defendant which show
an understanding and common design to do the prohibited act.'" Hooper v. State, 214 S.W.3d 9, 13
(Tex. Crim. App. 2007), quoting Cordova v. State, 698 S.W.2d 107, 111 (Tex. Crim. App.1985). 
We must account for "'the responsibility of the trier of fact to fairly resolve conflicts in testimony,
to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" 
Hooper, 214 S.W.3d at 13, quoting Jackson, 443 U.S. at 318-19. We do not resolve any conflict of
fact or assign credibility to the witnesses for that was the jury's function. Adelman v. State, 828
S.W.2d 418, 421 (Tex. Crim. App. 1992). Thus, any inconsistencies in the evidence are resolved in
favor of the verdict. Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991), quoting
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

Applicable Law

 To prove unlawful possession of marijuana, the State must necessarily prove that the accused
exercised care, control, and management over the marijuana, and that he knew he was in possession
of the contraband. Martin v. State, 753 S.W.2d 384, 386 (Tex. Crim. App. 1988). Possession
involves more than simply being where the action is; it requires exercise of dominion and control
over the thing allegedly possessed. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 
1985). Evidence must affirmatively link the accused to the contraband by evidence indicating
knowledge and control. Menchaca v. State, 901 S.W.2d 640, 651 (Tex. App.-El Paso 1995, pet.
ref'd), citing Waldon v. State, 579 S.W.2d 499, 501 (Tex. Crim. App. 1979). The burden of
establishing affirmative links rests upon the State. Menchaca, 901 S.W.2d at 651, citing Damron
v. State, 570 S.W.2d 933, 935 (Tex. Crim. App. 1978). Proof of knowledge is an inference drawn
by the jury from all circumstances. Dillon v. State, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978). 
Knowledge may arise from the conduct of and remarks by the accused or from circumstances
surrounding the acts engaged in by the accused. Sharpe v. State, 881 S.W.2d 487, 489 (Tex.
App.-El Paso 1994, no pet.).

 If the evidence suggests that the accused has dominion or control over the vehicle in which
the contraband is concealed, the accused may be in possession of the contraband. Castellano, 810
S.W.2d at 806 (finding that defendant exercised control over a car and possession of its contraband
as a passenger when he instructed the driver to continue on the freeway and not exit). Knowledge
of the presence of contraband may be inferred from control over the vehicle in which the contraband
is concealed, particularly when the amount of contraband is large enough to indicate that the accused
knew of its presence. Castellano, 810 S.W.2d at 806.

 The presence of a large amount of contraband can be an indication that the accused knew of
its presence and that it was not accidental. Carvajal v. State, 529 S.W.2d 517, 520-21 (Tex. Crim.
App. 1975), cert. denied, 424 U.S. 926, 96 S.Ct. 1139, 47 L.Ed.2d 336 (1976). However, if the
accused is not in exclusive possession of the place where the contraband is found, we cannot
conclude that the accused had knowledge of and control over the substance unless there are
additional independent facts and circumstances that affirmatively link the accused to the contraband. 
Poindexter v. State, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005), citing United States v. Phillips,
496 F.2d 1395, 1397 (5th Cir. 1974), cert. denied, 422 U.S. 1056, 95 S.Ct. 2680, 45 L.Ed.2d 709
(1975); Deshong v. State, 625 S.W.2d 327, 329 (Tex. Crim. App. [Panel Op.] 1981). There must
be an affirmative link between an accused and the contraband to the degree that a reasonable
inference may arise that the accused knew that the drugs existed and where they were kept. See
Gutierrez v. State, 628 S.W.2d 57, 60 (Tex. Crim. App. [Panel Op.] 1982), overruled on other
grounds by Chambers v. State, 711 S.W.2d 240, 247 (Tex. Crim. App. 1986).

 An affirmative link, which may be shown by either direct or circumstantial evidence, "must
establish, to the requisite level of confidence, that the accused's connection with the drug was more
than just fortuitous." Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). Non-exclusive
factors that may affirmatively link the accused to contraband include whether: (1) the contraband
was in plain view or recovered from an enclosed place; (2) the accused was the owner of the
premises or the place where the contraband was found; (3) the accused was found with a large
amount of cash; (4) the contraband was conveniently accessible to the accused; (5) the contraband
was found in close proximity to the accused; (6) a strong residual odor of the contraband was
present; (7) the accused possessed other contraband when arrested; (8) paraphernalia to use the
contraband was in view, or found on the accused; (9) the physical condition of the accused indicated
recent consumption of the contraband in question; (10) conduct by the accused indicated a
consciousness of guilt; (11) the accused attempted to flee; (12) the accused made furtive gestures;
(13) the accused had a special connection to the contraband; (14) the occupants of the premises gave
conflicting statements about relevant matters; (15) the accused made incriminating statements
connecting himself to the contraband; (16) the quantity of the contraband; and (17) the accused was
observed in a suspicious area under suspicious circumstances. Lassaint v. State, 79 S.W.3d 736,
740-41 (Tex. App.-Corpus Christi 2002, no pet.); Castellano v. State, 810 S.W.2d 800, 805 (Tex.
App.-Austin 1991, no pet.). The logical force the factors play in establishing the elements of the
offense is more important than the number of factors involved. See Jones v. State, 963 S.W.2d 826,
830 (Tex. App.-Texarkana 1998, pet. ref'd). The question of whether the evidence is sufficient to
affirmatively link the accused to the contraband must ultimately be answered on a case-by-case basis. 
Whitworth v. State, 808 S.W.2d 566, 569 (Tex. App.-Austin 1991, pet. ref'd).Application

 In the instant case, the evidence showed that officers began surveillance of Appellant's
residence based upon a tip they had received. Appellant was alone at the residence. Inside the home,
the narcotics-detection dog only alerted to Appellant's niece's bedroom in which Appellant admitted
he sometimes slept. In the closet of that bedroom, officers found adult male clothes and marijuana. 
Appellant admitted that he, his sister, and his niece were the only persons who stayed overnight in
the home. Inside the SUV that Appellant had been driving for a period of eight months were the
keys that opened the van in which additional marijuana was found. Finally, the quantity of marijuana
found in the home and van was large, over 500 pounds.

 The logical force of the circumstantial evidence in this case and the reasonable inferences
drawn therefrom are sufficient to establish beyond a reasonable doubt that Appellant exercised actual
care, custody, control, or management of the marijuana. See Jones, 963 S.W.2d at 830. We
therefore conclude that the evidence, both direct and circumstantial, when viewed in combination
and its sum total, is sufficient to connect Appellant to the actual care, custody, control, or
management of the marijuana found in the van and in the bedroom. Considering the totality of the
evidence from the record and viewing the evidence in a light most favorable to the jury's verdict, we
find it is reasonable that the jury could have found Appellant guilty of possession of marijuana. 
Appellant's sole issue on appeal is overruled.

CONCLUSION

 We affirm Appellant's conviction.


 

 GUADALUPE RIVERA, Justice

May 19, 2010


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)